IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHT HAND LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN AOYA KUAJING DIANZI SHANGWU YOUXIANGONGSI D/B/A MYLIVELL, <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff Bright Hand LLC (referred to herein as "Plaintiff") hereby brings the present action against Defendant Shenzhen Aoya Kuajing Dianzi Shangwu Youxiangongsi d/b/a Mylivell (hereinafter, "Defendant" or "Mylivell"), as follows:

**I.      JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structures its business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases, Mylivell. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's patented inventions,

1

as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II. INTRODUCTION

3. On information and belief, Defendant creates e-commerce stores under a Seller Alias, Mylivell, and then advertises, offers for sale, and/or sells Unauthorized Products to unknowing consumers. Defendant takes advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity.

4. On information and belief, Defendant attempts to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendant's infringement of its patented invention, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## III. THE PARTIES

5. Plaintiff, Bright Hand LLC, is a Delaware limited liability company registered to do business in the State of New York with its principal place of business at 400 Rella Blvd, #156, Montebello, NY 10901.

6. Plaintiff Bright Hand LLC owns the '377 Patent by assignment and holds full and sole rights to enforce and exploit the patent. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

7. The '377 Patent was issued on September 2, 2013. *See* **Exhibit 1**.

8. The '377 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

9. Claim 1 of the '377 Patent reads

An illuminating assembly configured for being worn by a person, said assembly comprising:

a wearable light mount configured to be positioned on a person's hand, said wearable light mount including;

a panel having a first end, a second end, a first lateral edge, a second lateral edge, a top surface and a bottom surface, said panel being configured to be positioned on top of the hand;

a wrist coupler being attached to said first end, said wrist coupler being configured to be extended around a wrist of a person to retain said panel on the hand;
a finger sleeve being attached to said second end, said finger sleeve being positioned adjacent to said first lateral edge, said finger sleeve being configured to receive an index finger of the hand;

a light emitter being attached to said wearable light mount, said light emitter being directed away from said first end of said panel; and

an actuator being operationally coupled to said light emitter, said light emitter being turned on or off when said actuator is actuated, said actuator being attached to said wearable light mount. *See* **Exhibit 1**.

10. After purchasing the patent, Plaintiff began marketing an embodying product under its Pro Glow line of products, which are available for sale on Plaintiff's website at https://proglowgear.com.

11. Plaintiff's product (*i.e.*, the LED flashlight gloves) is a handy gadget for various tasks that require illumination while keeping a user's hands free. These gloves have small LED

3

lights embedded in the fingers or palm, which can be turned on to provide light in dark or dimly lit environments, such as, *e.g.*, dark or cramped spaces, like under sinks, inside cabinets, or in engine compartments.

12. Defendant is a Chinese entity. Its seller alias page ("Mylivell") identifies the translated business name as Shenzhen Aoya Kuajing Dianzi Shangwu Youxiangongsi. See **Exhibit 2**. The trademark MYLIVELL is registered to an individual, Wei Li, with an address at No. 2061, Nanxin Road, Unit 506, Building 5, Kangle Village, Nanshan, Shenzhen 518000, China. At present, Plaintiff does not know whether Wei Li, as trademark owner, is affiliated with Defendant. Plaintiff reserves the right to amend the complaint as discovery clarifies the relationship.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

13. The success of the invention claimed in the '377 Patent has resulted in significant infringement of Plaintiff's Patent. The significant infringement has hampered Plaintiff's ability to generate and expand market share for its Pro Glow line of products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo, Inc., ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of the screenshot printouts showing the active e-commerce stores operating under the Seller Alias, Mylivell, reviewed are attached as **Exhibit 2**; see also **Exhibit 4**, which lists Defendant's Seller ID and ASINs.

14. Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using Seller Alias, Mylivell, offer shipping

4

to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

15. Defendant concurrently employs and benefits from similar advertising and marketing strategies. For example, Defendant facilitates sales by designing the e-commerce stores operating under the Seller Alias, Mylivell, so that it appears to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.

16. On information and belief, Defendant appears sophisticated and accepts payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal.

17. Plaintiff has not licensed or authorized Defendant use of Plaintiff's Patents, and none of the Defendant are authorized retailers of Plaintiff's Products.

18. Defendant's unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT (15 U.S.C. § 271) – THE '377 PATENT

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. On information and belief, Defendant knowingly and willfully manufactures, imports, distributes, offers for sale, and sells infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendant, without any authorization or license from Plaintiff, has jointly and severally, knowingly and willfully offered for sale, sold,

5

and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '377 Patent.

21. As shown in the claim charts attached hereto as **Exhibit 3**, which are based on the actual sample product purchased from Defendant, the accused products infringe at least Claim 1 of the '377 Patent. The claim charts of **Exhibit 3** are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendant has infringed each and every claim of the '377 Patent.

22. Specifically, Defendant has infringed and continue to infringe each and every claim of the '377 Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

23. Defendant has profited by its infringement of the '377 Patent, and Plaintiff has suffered actual harm as a result of Defendant' infringement.

24. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the '377 Patent in connection with the offering to sell, selling, or importing of products that infringe the '377 Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

25. Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

26. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant are preliminarily and permanently enjoined by this Court from continuing their infringement of the '377 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

27. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION (15 U.S.C. §1125(a))

28. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

29. Despite Plaintiff having valid and enforceable patent, which were embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendant has developed, manufactured, imported, advertised, and/or sold Unauthorized Products that infringe upon Plaintiff's Patent. *See* **Exhibit 2** and **Exhibit 3**. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

30. By selling products which infringe upon Plaintiff's Patent, Defendant is competing for sales with Plaintiff and Plaintiff's Products with products that Defendant are prohibited from selling under U.S. Patent law.

31. By selling products which infringe upon Plaintiff's Patent, Defendant is competing for sales against Plaintiff in an unfair and unlawful manner.

7

32. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff, allowing Defendant to profit from the goodwill, time, research, and development of the invention as embodied in Plaintiff's Patent and in Plaintiff's embodying Products, while causing Plaintiff irreparable and immeasurable injury.

33. On information and belief, Defendant intentionally and blatantly infringed upon Plaintiff's Patent by selling Unauthorized Products to take unfair advantage of the enormous time, effort, and expense spent in connection with the '377 Patent and Plaintiff's efforts to cultivate a successful market for the invention embodied in Plaintiff's Patent and in Plaintiff's Products in online marketplaces.

34. On information and belief, Defendant has offered to sell and knowingly sold Unauthorized Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

35. On information and belief, to the extent enforcement efforts are made against Defendant, Defendant will merely ignore the efforts if they are permitted to move any assets out of its marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

36. Defendant has engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud customers and evade legal and financial responsibilities.

37. Based on Plaintiff's investigation and experience with similar cases, defendants of this type are typically observed engaging in the following unlawful activities:

   a. Exploitation of Marketplace Accounts: Defendant systematically diverts funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

   b. Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, Defendant promptly closes its storefronts to avoid further investigation or legal consequences.

   c. Reopening Under New Entities: after closing the storefronts, Defendant frequently reopens new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing their infringing activities.

38. Collectively, these actions constitute unfair competition as Defendant misleads consumers, undermines fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

39. Defendant's acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant' sale and/or offer of sale of products which infringe Plaintiff's Patents, constitutes unfair competition.

40. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patent.

3) That Judgment be entered against Defendant finding that they have infringed upon Plaintiff's Patent.

4) That Judgment be entered against Defendant finding that infringement of Plaintiff's Patent has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendant' willful infringement of Plaintiff's Patent.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) A finding that Defendant engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9) That Plaintiff be awarded its reasonable attorneys' fees and costs.

10) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 26, 2025               Respectfully Submitted,


/s/ Nicholas S. Lee
Nicholas S. Lee
Nickles72@gmail.com
1823 Turtle Bay Road
Vernon Hills, IL 60061
Tel: (773) 732-8244

*Counsel for Plaintiff Bright Hand LLC*

## VERIFICATION

I, Sason Gabay, hereby certify as follows:

1. I am the Chief Executive Officer for Bright Hand LLC. As such, I am authorized to make this Verification on Bright Hand LLC's behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in  New Jersey  on September  25 , 2025

*Sason Gabay*
Sason Gabay
CEO
Bright Hand LLC